OPINION
{¶ 1} Defendant-appellant, Andrew DeSalvo, appeals a decision of the Mahoning County Court No. 2 sentencing him to six months in jail for assault.
 {¶ 2} On March 13, 2003, appellant, along with co-defendant, Robert Hilliard (Hilliard), assaulted James Knoll as he was returning to his vehicle in the parking lot at the Southern Park Mall, located in Boardman Township, Ohio. They sprayed him with pepper spray and struck him with a club. Appellant and Hilliard also allegedly slashed one of the tires on Knoll's vehicle. Boardman Police arrested appellant and ultimately charged him with complicity to commit felonious assault in violation of R.C. 2903.11(A)(2) and R.C. 2923.03, a felony of the second degree.
 {¶ 3} Following pre-trial matters, including plea negotiations, appellant pleaded no contest to an amended charge of assault in violation of R.C. 2903.13, a misdemeanor of the first degree, on June 2, 2003. The trial court sentenced appellant to 180 days in jail and a $250.00 fine with his jail sentence to commence on June 16, 2003. The trial court also ordered appellant to make restitution to the victim along with his co-defendant and barred him from the Southern Park Mall for three years.
 {¶ 4} On June 24, 2003, appellant filed a pro se motion from jail for modification of his sentence. The trial court denied the motion on June 30, 2003.
 {¶ 5} Different counsel for appellant filed a notice of appearance and then a notice of appeal on July 14, 2003. That counsel failed to prosecute the appeal and this court dismissed appellant's appeal on January 29, 2004.
 {¶ 6} Again, new counsel for appellant filed a notice of appearance with this court on July 8, 2004, along with a motion for bail and suspension of execution of sentence pending review and an application for reopening of his appeal. On July 22, 2004, this court granted appellant's application to reopen his appeal based on ineffective assistance of appellate counsel, granted his motion for stay of execution pending appeal, and ordered his release from jail.
 {¶ 7} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "Representation by prior appellate counsel was deficient and that the Appellant was prejudiced by that deficiency."
 {¶ 10} Under this assignment of error, appellant reasserts the argument made in his application to reopen that his appellate counsel was ineffective for failing to have filed a brief. Since this court has granted appellant's application to reopen based on ineffective assistance of appellate counsel, this assignment of error is rendered moot.
 {¶ 11} Since the basis for resolution of appellant's second and third assignments of error is the same, they will be addressed together. They state, respectively:
 {¶ 12} "The trial court gave no consideration on the record to the factors set forth in ORC 2929.22 when imposing 180 day term of imprisonment for a misdemeanor."
 {¶ 13} "The trial court gave no consideration on the record to the factors set forth in ORC 2929.22 when it sentenced Defendant to a jail term and fined him for a misdemeanor."
 {¶ 14} Misdemeanor sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 95-96;608 N.E.2d 852; Columbus v. Jones (1987), 39 Ohio App.3d 87, 88,529 N.E.2d 947, 948-949. None of the statutory criteria controls the trial court's discretion, and the court may consider other relevant factors, but the criteria must be used as a guide in exercising sentencing discretion. Wagner, supra; Jones, supra; State v. Whitt (June 18, 1990), Butler App. No. CA89-06-091. Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 and2929.12, absent a showing to the contrary. Wagner, supra; Jones, supra;Whitt, supra.
 {¶ 15} In this case, the trial court's sentence fell within the statutory limit and, therefore, did not constitute an abuse of discretion. Additionally, the Ohio Supreme Court has held:
 {¶ 16} "[W]here a criminal defendant, convicted of a misdemeanor,
voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. See State v. Wilson (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, and State v. Berndt (1987),29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712." State v. Golston (1994),71 Ohio St.3d 224, 226, 643 N.E.2d 109. Appellant has served all of his 180 day sentence and paid his fines and court costs. He has offered no evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights stemming from his conviction.
 {¶ 17} Accordingly, appellant's second and third assignments of error are without merit.
 {¶ 18} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs Waite, J., concurs.