DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mary Smith, appeals from her convictions in the Wayne County Municipal Court. This Court affirms.
 I. {¶ 2} On November 18, 2004, Appellant was seen entering several stores in the College Hills Plaza in Wooster, Ohio. When she entered the DK store, employees noticed her acting in an odd fashion. Employees noticed that when Appellant left the thermal underwear display, empty packaging was left in the bin. Appellant then proceeded to a bin containing winter gloves. Upon Appellant leaving, the store employees noticed that price tags which had previously been attached to the gloves were left in the bin.
 {¶ 3} The DK store employees then contacted the property manager for the plaza and called the police. The property manager alerted other stores in the area of the possible shoplifting. The police arrived at the plaza while Appellant was in Dee's Hallmark. Upon taking information from the DK store employees and examining the visible contents of Appellant's car, an officer removed Appellant from Dee's Hallmark and began to question her. When Appellant gave conflicting stories about her recent activities, she was placed under arrest.
 {¶ 4} Officers then searched Appellant's purse. In her purse, officers found five candy bars, each with price stickers from Dee's Hallmark. In turn, officers searched Appellant's car. In her car, they located items which were identified as inventory from Dollar General and Dollar Tree. As a result of these findings, Appellant was charged with four counts of petty theft, in violation of R.C. 2913.02. Following a jury trial, Appellant was found guilty on all four counts, fined $400 and sentenced to ninety days in jail. Appellant timely appealed her convictions, raising three assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIER OF FACT'S FINDING THAT APPELLANT VIOLATED SECTION2913.02 OF THE OHIO REVISED CODE, COMMITTING PETTY THEFT, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In her first assignment of error, Appellant asserts that her convictions for petty theft are against the manifest weight of the evidence. We disagree.
 {¶ 6} When a defendant asserts that her conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 7} Appellant was convicted of four counts of petty theft in violation of R.C. 2913.02 which provides as follows:
"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
"(1) Without the consent of the owner or person authorized to give consent [.]"
In support of her argument, Appellant asserts that her conviction must be overturned because no store employee actually witnessed her take the items in question. This Court disagrees.
 {¶ 8} "Circumstantial evidence and direct evidence inherently possess the same probative value [.]" State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus. "Circumstantial evidence, furthermore, permits legitimate inferences."Waterville v. Lombardo, 6th Dist. No. L-02-1160, 2004-Ohio-475, at ¶ 18. In the instant matter, the jury was presented with ample circumstantial evidence to support Appellant's convictions.
 {¶ 9} Dawn Ziegler, a cashier for DK, testified that she witnessed Appellant exhibiting odd behavior in the store. She testified that she observed Appellant opening the packages of thermal underwear. Ms. Ziegler then approached the bin, found the empty packaging, but found no clothing that lacked packaging. In addition, Ms. Ziegler testified that she witnessed Appellant placing gloves into her purse. She went on to note that she then approached the bin of gloves, found several loose price tags, but no gloves missing their tags were present in the bin. Both Ms. Ziegler and her manager testified that the empty packaging and loose tags were not present prior to Appellant entering those areas of the store. Ms. Ziegler also established that Appellant had not purchased anything in the store.
 {¶ 10} Ms. Ziegler went on to testify that she contacted the plaza's property manager, Harrison Mozelle, to alert him of the shoplifting. Mr. Mozelle observed Appellant in the common area of the plaza and observed her walk to a car in the parking lot. Mr. Mozelle noted the type of car and its location. Appellant then walked away from the car and entered Dee's Hallmark. Mr. Mozelle approached the vehicle and saw a pair of gloves which matched the gloves that Ms. Ziegler had indicated were stolen.
 {¶ 11} When police arrived, they also examined the contents of Appellant's car by looking through the windows. Officers noted that there were numerous small items strewn throughout the vehicle. Officers then approached Appellant in Dee's Hallmark and requested that she leave the store. They questioned her outside the store. Officer Kristopher Conwill testified that Appellant initially denied entering the DK store and then changed her story. Officer Conwill then placed her under arrest and searched the contents of her purse. Officer Conwill further testified that he located five candy bars in Appellant's purse, each with a price sticker from Dee's Hallmark. The assistant manager of Dee's Hallmark confirmed in her testimony that Appellant had not purchased anything from the store.
 {¶ 12} Officers then searched Appellant's car and located several more items which appeared to be from other stores in the plaza. As a result, the officers contacted employees of the Dollar Tree store and the Dollar General store. Employees from each store identified items in Appellant's car as items from their inventory or containing their price stickers. These employees also testified that the items had not been purchased by Appellant. It is undisputed that Appellant did purchase two picture frames from Dollar Tree on the day in question. Officer Kenneth Saal, however, testified that the Dollar Tree bag which contained the picture frames also contained several other items which were identified as Dollar Tree inventory.
 {¶ 13} In response to the State's case, Appellant testified that she had purchased all of the items in question on previous days. She stated that the items were still in her car because she was either giving them to her daughter or the items "were to be moved down south." She also testified that she had the candy bars in her purse because she has low blood sugar and carries the candy on her person just in case. She indicated that she could not leave the candy in the car because a "critter" lived in the car and had eaten the candy in the past.
 {¶ 14} Based upon the evidence presented, we cannot say that the evidence weighed heavily in Appellant's favor. Upon her arrest, Appellant had items from all four stores she had visited in the plaza, DK, Dollar General, Dollar Tree, and Dee's Hallmark. Employees from each store stated that she had not purchased the items on the day in question. Further, the only items purchased by Appellant were found in the same bag that contained items that she had not purchased that day. In addition, Ms. Ziegler testified that she observed Appellant place items in her purse which she had not purchased. Finally, Officer Conwill indicated that Appellant had not been forthright during his initial questioning. Accordingly, this case does not present extraordinary circumstances wherein the evidence presented weighs heavily in favor of the defendant. Otten,33 Ohio App.3d at 340. Further, the credibility of witnesses is a matter primarily for the trier of fact and we give deference to that judgment. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. As the evidence supports the jury's finding that Appellant's testimony was not credible, we defer to that determination. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY TRIAL COUNSEL'S FAILURE TO ADEQUATELY SAFEGUARD APPELLANT'S INTEREST."
 {¶ 15} In her second assignment of error, Appellant contends that she received ineffective assistance of counsel in the trial court. This Court finds that Appellant's second assignment of error lacks merit.
 {¶ 16} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687. Additionally, debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 17} In the instant matter, Appellant maintains that her trial counsel's ineffectiveness precluded her from producing evidence because her counsel failed to comply with discovery. Specifically, Appellant sought to introduce a receipt which she claims demonstrates that some of the items that were recovered had been purchased and not stolen.
 {¶ 18} Assuming that Appellant's counsel did err, this Court finds that Appellant has not met the prejudice prong set forth inStrickland. When the receipt was proffered in the trial court, Appellant's counsel noted that it was from the Dollar Tree and contained "certain items that are identical to those that are contained in State's Exhibit 3." However, Appellant has never contended that the receipt contained all of the items that were identified as property of the Dollar Tree. Further, the receipt in no manner impacts the items that were recovered from the other three stores. Accordingly, Appellant has not established that there is a reasonable probability that the trial result would have been different had her counsel not erred.
 {¶ 19} Additionally, Appellant argues that other evidence was excluded through her counsel's failure to comply with discovery. In her brief, Appellant neither identifies this evidence, nor argues how she was prejudiced by its exclusion. See App.R. 16(A)(7); Loc.R. 7(E). As such, this Court will not craft an argument on Appellant's behalf. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 18673, at *8. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ABIDE BY THE FACTORS ENUMERATED IN SECTION 2929.22 OF THE OHIO REVISED CODE IN ITS SENTENCE FOR THE CONVICTION OF APPELLENT (sic)."
 {¶ 20} In her final assignment of error, Appellant argues that the trial court erred in sentencing her when it failed to consider the proper statutory factors. We disagree.
 {¶ 21} Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. State v. Pass (Dec. 30, 1992), 6th Dist. No. L-920-17, at *1. However, it is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22.Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 156. Nevertheless, a judge is presumed to have considered the enumerated factors absent an affirmative showing to the contrary.State v. Overholt, (Aug. 18, 1999), 9th Dist. No. 2905-M, at *10.
 {¶ 22} R.C. 2929.22 regulates misdemeanor sentencing and, although none of the criteria mandate a particular result, the trial court must consider the factors set forth. State v.Jones, 9th Dist. No. 02CA0018, 2003-Ohio-20 at ¶ 6. R.C.2929.22(B)(1) requires that the following factors be considered in imposing sentence for a misdemeanor:
"(a) The nature and circumstances of the offense or offenses;
"(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
"(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
"(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
"(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
"(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 23} While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so. State v. Polick
(1995), 101 Ohio App.3d 428, 431. Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by the Appellant that it did not. Overholt, supra, at *10.
 {¶ 24} In the instant matter, Appellant has not asserted that the record affirmatively demonstrates that the trial court failed to consider the factors. Further, Appellant has not supported her proposition that the trial court was required to order a presentence investigation. See App.R. 16(A)(7). Upon review, this Court can find no authority for such a proposition.
 {¶ 25} The record reflects that the trial court considered the factors. The court heard statements that Appellant suffered from a mental illness and was the provider for her sixteen-year old child. Following those statements, the trial court noted as follows:
"I understand that you're still maintaining your innocence ma'am but you just got convicted by a jury of four more counts of petty theft with five priors[.] I'm not going to just ignore that, I can't."
Further, Appellant's contention that the trial court failed to take into consideration her mental illness is rebutted by specific evidence in the record. As a part of her sentence, Appellant was ordered to undergo mental health counseling. Accordingly, as the record demonstrates that the trial court considered the statutory factors, Appellant's argument is not well taken.
 {¶ 26} Additionally, Appellant asserts that the trial court failed to comply with R.C. 2929.22(E) when it imposed both a fine and imprisonment. However, R.C. 2929.22 was amended effective January 1, 2004, and subsection E has been removed in its entirety. As the events surrounding Appellant's crimes occurred after the amendment, any reference by Appellant to subsection E lacks merit. Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 27} Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Whitmore, J., concur.