OPINION
{¶ 1} Appellant Sheila Duffy ("Appellant") appeals the verdict rendered in the Mount Vernon Municipal Court. The following facts give rise to this appeal.
 {¶ 2} In August 2003, appellant was terminated from her employment, at KM-art, due to theft. K-Mart personnel interviewed appellant and appellant admitted to stealing money, food and a bathing suit. The theft of money occurred over a six-month period and totaled approximately $1,950.00. Appellant claims K-Mart personnel provided inducements in order to obtain a confession from her and instructed her to write a detailed list of the loss prevention manager/district investigator's testimony as if it were her own confession.
 {¶ 3} Subsequent to the questioning by K-Mart personnel, Officer McKnight of the Mount Vernon Police Department interviewed appellant. Appellant claims she told Officer McKnight that she did not wish to speak with him until she spoke to her parents. However, Officer McKnight continued to ask her questions beyond this point.
 {¶ 4} Thereafter, the Knox County Grand Jury indicted appellant on five counts of petty theft. Prior to trial, appellant filed motions to suppress her written confession and Officer McKnight's testimony. This matter proceeded to a jury trial on May 25, 2005. Following deliberations, the jury found appellant guilty of Counts 2, 3 and 4 of the indictment and not guilty of Counts 1 and 5. The trial court sentenced appellant to three consecutive sentences of 100 days in jail for each count and suspended 80 days for each count.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE DEFENDANT'S RIGHT TO A FAIR TRIAL WERE (SIC) DAMAGED BY A SERIES OF PROSECUTORIAL MISCONDUCT.
 {¶ 7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERR-ULING (SIC) DEFENDANT'S MOTION TO SUPPRESS THE ALLEGED CONFESSION OF THE DEFENDANT.
 {¶ 8} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL.
 {¶ 9} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS OFFICER McKNIGHT'S TESTIMONY REGARDING DEFENDANT'S CONFESSION.
 {¶ 10} "V. THE SENTENCE OF THE TRIAL COURT WAS AN ABUSE OF DISCRETION AND CONVICTION OF APPELLANT ON ALL COUNTS ARE (SIC) BASED UPON INSUFFICIENT EVIDENCE."
 I {¶ 11} In her First Assignment of Error, appellant maintains her right to a fair trial was prejudiced by prosecutorial misconduct that occurred during voir dire and closing argument. We disagree.
 {¶ 12} The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1990), 51 Ohio St.3d 160, 165, certiorari denied (1990),498 U.S. 1017. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24.
 {¶ 13} "In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained-of conduct in the context of the entire trial. [Citation omitted.] We have been continually reminded by reviewing courts that a trial is similar to an arena of combat where our adversarial system generates both tension and turmoil during trial. State v. Stephens (1970),24 Ohio St.2d 76, * * *, and where trials cannot be `squeezed dry of all feeling.' State v. Keenan (1993), 66 Ohio St.3d 402, 409, * * *. It is conceded the prosecutor may `strike hard blows, [but the prosecutor] is not at liberty to strike foul ones.' Bergerv. United States (1935), 295 U.S. 78, 88 * * *. State v. Kelly
(1994), 93 Ohio App.3d 257, 266-267." State v. Ervin (Nov. 26, 2001), Stark App. No. 2000CA00297, at 5.
 {¶ 14} Appellant sets forth two arguments in support of her assignment of error. First, appellant contends the trial court erred when it permitted appellee to offer conclusive arguments, conclusive statements, and prejudicial statements during voir dire and closing argument. Appellant challenges the following statements made during voir dire: (1) "[t]he evidence will show * * * Miss Duffy * * * during her employment took money and food items [Tr. Vol. I at 28]; (2) "the evidence is going to show" in reference to a question regarding theft from a cash register [Tr. Vol. I at 36]; and (3) "[s]omebody admits to stealing * * * how would you look upon that?" [Tr. Vol. I at 37].
 {¶ 15} As to closing argument, appellant claims the prosecutor's comments addressed "responsible people" and "economic development." Appellant claims the prosecutor improperly suggested that since her parents were not wealthy, she was more likely guilty of the crimes charged due to her economic standing. Specifically, appellant challenges the following statement made by the prosecutor: "It appears that Miss Duffy's folks are humble folks, and they have probably, not probably, doesn't (sic) have the ability to provide 18-year-old girls things that 18-year-old girls would like to have. So she took money from K-Mart." Tr. Vol. II at 299. Appellant argues the prosecutor used these comments to create a presumption that people without means are more prone to committing criminal acts.
 {¶ 16} We find the above questions and statements made by the prosecutor were not improper. It was not impermissible for the prosecutor to state what he believed the evidence would show. Further, during voir dire, it is proper for the prosecutor to determine prospective jurors' views on the issues they may be considering if seated as a juror.
 {¶ 17} The prosecutor's closing argument must be viewed in its entirety to determine if the remarks regarding defendant's parents' economic status and the defendant's desire to own certain things were prejudicial. See State v. Burgun (1978),56 Ohio St.2d 354, 366. In the case sub judice, we conclude that after reviewing the prosecutor's closing argument in its entirety, there was no prejudice to appellant. The prosecutor's comment addressed the issue of motivation and attempted to explain why appellant would steal from K-Mart. Accordingly, we conclude appellant was not denied her right to a fair trial based upon the statements the prosecutor made during voir dire and closing argument.
 {¶ 18} Appellant also maintains, under her First Assignment of Error, the prosecutor committed misconduct when he failed to provide exculpatory and other evidence to the defense. Crim.R. 16(B)(1)(f) states as follows: "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. * * *"
 {¶ 19} "When reviewing assertions of prosecutorial misconduct in connection with the prosecutor's alleged suppression of evidence, the key issue is whether the evidence suppressed is material. Such evidence is material only if a reasonable probability exists that the result of the trial would have been different had the prosecution disclosed such evidence to the defense." State v. Green, Cuyahoga App. No. 81232, 2003-Ohio-1722, at ¶ 20, citing Brady v. Maryland (1963),373 U.S. 83, 87.
 {¶ 20} A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome of the trial.United States v. Bagley (1985), 473 U.S. 667, 682. Thus, in order to establish a Brady violation, a defendant must prove the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. State v. Garn, Richland App. No. 02CA45, 2003-Ohio-820, at ¶ 23, citing Moore v. Illinois (1972),408 U.S. 786, 794-795.
 {¶ 21} On May 18, 2005, defense counsel filed a motion pursuant to Crim.R. 16 requesting the disclosure of any evidence that would be favorable to appellant. In response, on May 23, two days before trial, the prosecutor sent defense counsel a series of facsimiles consisting of the following documents: Exhibit D, a register transcript; Exhibit E, a register report; Exhibit G, a 31-page document containing various pieces of information. Appellant argues that transmitting these documents, two days prior to trial, hampered his ability to present appellant's case to the jury.
 {¶ 22} As noted above, in order to establish a Brady
violation, appellant must prove that the prosecutor failed to disclose evidence upon request. In the case sub judice, the prosecutor disclosed the evidence now challenged by appellant on appeal. Appellant made her request for exculpatory evidence on May 18, 2005, and the prosecutor disclosed the evidence on May 23, 2005. Appellant's main argument concerning this issue is that she did not have adequate time to review the evidence because her trial commenced two days later. We do not find this fact situation to be a Brady violation since appellant did receive the evidence prior to the commencement of trial. Further, because this evidence was not made a part of the record, we do not know whether this evidence was favorable to appellant and material.
 {¶ 23} Appellant's First Assignment of Error is overruled.
 II {¶ 24} In her Second Assignment of Error, appellant contends the trial court erred when it denied her motion to suppress. We disagree.
 {¶ 25} Specifically, appellant challenges the admission of her written confession she made on February 16, 2005. In this written confession, appellant admitted to stealing various items as well as money from her employer, K-Mart. The trial court denied appellant's motion to suppress stating that, "[w]hile the defendant testified that she felt threatened and wanted out of the room; there was no credible evidence that there was any improper threats or inducements made to obtain the Defendant's confession. There was no credible evidence that the Defendant suffered any physical deprivation or was in any way mistreated." Judgment Entry, Mar. 21, 2005, at 1.
 {¶ 26} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37.
 {¶ 27} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 28} In the case sub judice, appellant argues the trial court incorrectly concluded that her confession was not coerced. Therefore, we must decide, without deference to the trial court's decision, whether the facts meet the appropriate legal standard in determining the voluntariness of appellant's confession. Appellant maintains her confession was not voluntary because she had little or no life experiences outside the home; she has a documented learning disability; she has difficulty processing information under times of stress; she was held in a closed room for approximately one and one-half hours; and she was induced to sign the confession by Lori Snyder. Appellant also maintains Lori Snyder suggested to her the dollar amounts found in the confession.
 {¶ 29} In determining whether a confession is voluntary, we must review the totality of circumstances surrounding the confession. State v. Edwards (1976), 49 Ohio St.2d 31, 40, overruled on other grounds (1978), 438 U.S. 911. The factors to consider are: "* * * the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Id. at paragraph two of the syllabus.
 {¶ 30} Appellant was eighteen at the time of her confession and had no prior criminal experience. Defense counsel admitted into evidence, at the suppression hearing, a report from Mound Builders Guidance Center that fully explained appellant's mental status. This report is not contained in the record for our review. However, the trial court reviewed the report prepared by Dr. Jackson and did not indicate any concern about appellant's mental status as it related to her confession.
 {¶ 31} Lori Snyder, loss prevention manager/district investigator, questioned appellant one time for approximately one hour and five minutes. Tr. Suppression Hrng., Mar. 28, 2005, at 11. According to Ms. Snyder, appellant was not interviewed in an interrogation room, was not offered anything in exchange for her statement, and was never promised that the charges would be dropped against her if she gave a statement. Id. at 8, 9, 11. Ms. Snyder testified that appellant appeared nervous, however, she was not afraid. Id. at 11. Appellant did not appear confused by the questions Ms. Snyder asked. Id. at 12.
 {¶ 32} Deborah McDonaldson, loss prevention manager/district investigator, was present as a witness during Ms. Snyder's interview of appellant. Ms. McDonaldson testified, at the suppression hearing, that appellant appeared slightly nervous, but was not upset or dysfunctional. Id. at 23. Further, Ms. Snyder made no promises or threats to appellant. Id. at 24, 25. Ms. McDonaldson also observed that appellant did not appear to be intimidated during the interview process. Id. at 32.
 {¶ 33} At the suppression hearing, appellant testified that she felt threatened, she wanted to leave the room and wrote what they told her to write so she could leave the room. Id. at 38. Although appellant claims she felt threatened, there is no evidence, in the record, that indicates appellant suffered any physical deprivation or was in any way mistreated or induced into making her written statement. Further, Ms. Snyder testified that she guided appellant through the steps of making a statement but did not tell her what to write. Id. at 10, 17.
 {¶ 34} As such, we conclude the trial court did not err when it denied appellant's motion to suppress because appellant made her written statement voluntarily.
 {¶ 35} Appellant's Second Assignment of Error is overruled.
 III {¶ 36} In her Third Assignment of Error, appellant contends the trial court erred when it denied her motion for new trial. We disagree.
 {¶ 37} Appellant sought a new trial on the basis of prosecutorial misconduct and the discovery of new evidence. This argument refers to the various documents the state provided appellant two days prior to trial. Crim.R. 33(A) addresses the grounds for a new trial. Appellant sought relief under the following two provisions:
 {¶ 38} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 " * * * {¶ 39} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 " * * * {¶ 40} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 41} In the case of State v. Petro (1947),148 Ohio St. 505, syllabus, the Ohio Supreme Court set forth a six-part test for granting a new trial based upon newly discovered evidence. The Court held:
 {¶ 42} "To warrant the granting of a motion for new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. [Citations omitted.]"
 {¶ 43} In denying appellant's motion for new trial, the trial court did not state its reasons. However, we note that pursuant to the Petro case the evidence has to be evidence that was discovered since the conclusion of the trial. The evidence appellant cites as the basis for her motion for new trial was provided to her prior to trial. Therefore, we find this evidence cannot be the basis for granting a motion for new trial.
 {¶ 44} Further, because we determined, in appellant's First Assignment of Error, that the prosecutor did not commit misconduct, we conclude the prosecutor's conduct in providing the challenged evidence two days prior to the commencement of trial also does not support appellant's motion for new trial. Accordingly, the trial court did not err when it denied appellant's motion.
 {¶ 45} Appellant's Third Assignment of Error is overruled.
 IV {¶ 46} In her Fourth Assignment of Error, appellant maintains the trial court erred when it overruled her motion to suppress Officer McKnight's testimony regarding her confession. We disagree.
 {¶ 47} In analyzing this assignment of error, we will apply the standard of review set forth in appellant's Second Assignment of Error. That is, we must decide, without deference to the trial court's decision, whether Officer McKnight violated appellant's Miranda rights when he asked her two more questions after she indicated she did not wish to make a statement. In support of this argument, appellant cites the following testimony of Officer McKnight during cross-examination at the suppression hearing:
 {¶ 48} "Q. Okay. And when you got to the question, `Do you want to make a statement at this time without a lawyer,' and she indicated, no, and initialed that; is that correct?
 {¶ 49} "A. Her actually comment was — cause actually the way I do it is I ask em the question as I read it to em. Her comment was, `no. Whatever's on that paperwork that I've already filled out regards to a statement, that's correct,' and that's the way it was left. I didn't ask for any further questions.
 {¶ 50} "Q. So did she check the box before she made the statement or did she check the box after she made the statement?
 {¶ 51} "A. That I don't know. I just asked her the question. We were goin' along in the order of 1, 2, 3, and 4, just like they're listed there. And that was the statement she made.
 {¶ 52} "Q. Okay. And once you ask that statement and she checks, no, I don't want to make a statement, you ask two more questions; is that correct, on this form?
 {¶ 53} "A. Well that's correct; yes." Tr. Suppression Hrng., Mar. 8, 2005, at 515-2.
 {¶ 54} Appellant argues that once she indicated she did not wish to make another statement, Officer McKnight should not have asked any further questions. As indicated by Officer McKnight's testimony, he merely completed the "Advice of Rights and Waiver Form" by asking two more questions of appellant. These questions were as follows on the form:
 {¶ 55} "Have you been promised anything, have you been offered any kind of reward or benefit, or have you been threatened in any way in order to get you to make a statement?
 {¶ 56} "Are you under the influence of drugs or alcohol at this time?"
 {¶ 57} Appellant answered "no" to each question. Appellant maintains these two questions were offered to serve as a "second confession" and were therefore, highly prejudicial to her. We disagree. Appellant's answers to these two questions do not serve as a confession. Rather, they merely establish that appellant was not made any promises and was not under the influence of drugs or alcohol at the time she completed the form. Accordingly, we find the trial court did not err when it overruled appellant's motion to suppress Officer McKnight's testimony.
 {¶ 58} Appellant's Fourth Assignment of Error is overruled.
 V {¶ 59} In her Fifth Assignment of Error, appellant sets forth two separate arguments. First, appellant contends the sentence of the trial court was an abuse of discretion. Second, appellant maintains her conviction was based upon insufficient evidence. We disagree with both arguments.
A. Misdemeanor Sentencing
 {¶ 60} In support of this argument, appellant maintains the trial court failed to consider the factors contained in R.C.2929.22. Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. State v. Smith, Wayne App. No. 05CA0006,2006-Ohio-1558, at ¶ 21, citing State v. Pass (Dec. 30, 1992), Lucas App. No. L-92-017, at 1. However, a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22. Smith
at ¶ 21, citing City of Cincinnati v. Clardy (1978),57 Ohio App.2d 153, 156. A judge is presumed to have considered the enumerated factors absent an affirmative showing to the contrary.Smith at ¶ 21, citing State v. Overholt (Aug. 18, 1999), Medina App. No. 2905-M, at 10.
 {¶ 61} Although none of the criteria in R.C. 2929.22 mandate a particular result, the trial court must consider factors set forth in the statute. State v. Jones, Wayne App. No. 02CA0018, 2003-Ohio-20, at ¶ 6. R.C. 2929.22(B)(1) requires that the following factors be considered in imposing sentence for a misdemeanor:
 {¶ 62} "(a) The nature and circumstances of the offense or offenses;
 {¶ 63} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 64} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 65} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 66} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in division (B)(1)(b) and (c) of this section.
 {¶ 67} It is preferable that the trial court state, on the record, that it has considered the statutory criteria. Smith at ¶ 23. However, the statute imposes no requirement to do so. Id., citing State v. Polick (1995), 101 Ohio App.3d 428, 431. Rather, where the record is silent, it is presumed that the trial court considered the statutory criteria absent an affirmative showing by the appellant that it did not. Smith at ¶ 23, citingOverholt at 10.
 {¶ 68} The record in the case sub judice reflects the trial court did not specifically consider the statutory criteria at appellant's sentencing. However, we will assume the trial court considered the criteria since appellant did not make an affirmative showing that it did not. Further, evidence was presented at both the suppression hearing and trial concerning several of these factors and the trial court had an opportunity to consider this evidence. Finally, the sentence rendered by the trial court was within the statutory guidelines and therefore, was not an abuse of discretion.
B. Sufficiency of the Evidence
 {¶ 69} Appellant next maintains her conviction is based upon insufficient evidence. Although appellant assigns this as error, she does not support this argument in her brief. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. During Ms. Snyder's investigation of this matter, appellant gave a written statement admitting that she stole items and cash from K-Mart. Appellant's confession was admitted into evidence at trial. Based upon appellant's confession and the other evidence admitted at trial, we find sufficient evidence was presented to support appellant's conviction.
 {¶ 70} Appellant's Fifth Assignment of Error is overruled.
 {¶ 71} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, P.J. Boggins, J., concur.
Hoffman, J., concurs separately.