OPINION
{¶ 1} Appellant Andrew DeSalvo appeals the decision of Mahoning County Court No. 2 to impose time the court determined still remained in a misdemeanor jail sentence that had been stayed during a prior appeal. In the prior appeal, we held that "Appellant has served all of his 180 day sentence," and two assignments of error in the prior appeal were overruled on the grounds that the full sentence had been served and this issue in the appeal was moot. State v. DeSalvo, 7th Dist. No. 03-MA-127,2005-Ohio-3312, ¶ 16, (hereinafter referred to as DeSalvo 1). Appellee did not file a responsive brief in the prior appeal. DeSalvo 1, ¶ 7. Appellee did not request this Court to reconsider its decision. Appellee also did not file an appeal of this Court's ruling in DeSalvo 1. Yet, Appellee now argues that this Court had no jurisdiction to make a finding de hors the record in DeSalvo 1 that Appellant had served his jail term. This argument is not persuasive. There was no Appellee's brief in the prior appeal to correct or inform our interpretation of the record, and both parties allowed the judgment of this Court to stand without further challenge or appeal. If Appellee somehow determined that there was an error in the DeSalvo 1 result, the prosecutor should have presented some type of challenge to our ruling. It is clear that the trial court no longer has authority to impose extra jail time based on this Court's prior ruling, and the judgment of the trial court is vacated.
 HISTORY OF THE CASE {¶ 2} Appellant was arrested on March 13, 2003, for assaulting James Knoll in the parking lot of the Southern Park Mall in Boardman, Ohio. Appellant and co-defendant Robert Hilliard beat Mr. Knoll with a club, sprayed him with pepper spray, *Page 2 
slashed one of his car tires, and then ran off. Appellant was soon arrested and charged with felonious assault, a second degree felony.
 {¶ 3} Appellant later entered a no contest plea to one count of simple assault, a first degree misdemeanor pursuant to R.C. § 2903.13.
 {¶ 4} On June 2, 2003, the trial court sentenced Appellant to 180 days in jail, a $250 fine, $60 in court costs, and required him to make restitution to the victim. It must be noted that there is a material error in the trial court's judgment, because on the very same line of the judgment entry the court imposes both 180 days of jail time and six months of jail time, which are not the same thing. This will be discussed in more detail below.
 {¶ 5} The trial court ordered Appellant to start his jail sentence on June 16, 2003. No credit was given for time served.
 {¶ 6} On July 14, 2003, Appellant filed a notice of appeal. This was given Appeal No. 03-MA-127. Also on July 14, 2003, the trial court stayed the execution of the remainder of Appellant's sentence and he was released from jail.
 {¶ 7} On January 29, 2004, the appeal was sua sponte dismissed.
 {¶ 8} On March 9, 2004, the trial court ordered Appellant to serve the remainder of his jail sentence, starting on April 10, 2004.
 {¶ 9} On July 22, 2004, Appellant filed a motion with this Court to reopen his appeal based on ineffective assistance of counsel, which was granted. Also on July 22, 2004, this Court stayed the execution of Appellant's sentence pending appeal, and Appellant was once again released from jail. *Page 3 
 {¶ 10} On June 29, 2005, this Court released its Opinion inDeSalvo 1. This Court overruled Appellant's assignments of error based on our conclusion that Appellant had fully served his 180-day jail sentence. We would have come to this conclusion based only on the record before us in that appeal and any representation contained in Appellant's brief. Our Opinion notes that Appellee failed to file a brief in the matter. DeSalvo 1, ¶ 7.
 {¶ 11} On December 15, 2005, the trial court issued the judgment entry that is presently on appeal. The trial court ordered Appellant to serve what it calculated as the remaining 46 days of the original 180-day jail term, starting on January 7, 2006.
 {¶ 12} On January 6, 2006, Appellant filed the instant appeal. On that date, we granted a stay of execution. Appellant filed his brief on August 18, 2006, after being granted leave to do so by this Court.
 {¶ 13} On October 12, 2006, Appellee filed a motion for an extension of time to file a brief, arguing that defense counsel and this Court misdirected filings and notices in this appeal and that it only recently received a copy of Appellant's brief. Appellee argued that Appellant failed to send his brief to the correct address. Appellee also claims that this Court failed to send him the August 25, 2006, journal entry accepting Appellant's brief instanter, which would have notified Appellee that a brief had been filed. On November 2, 2006, this Court granted Appellee 30 days to file a responsive brief.
 {¶ 14} On December 4, 2006, Appellee filed another motion for leave to plead, arguing that the prosecutor had still not received, or only recently received, Appellant's brief. It is unclear, and in fact, inconsistent for Appellee to have argued *Page 4 
that it had seen Appellant's brief on or before October 12, 2006, and then to assert that the prosecutor had only recently received this brief on or about December 4, 2006, and so needed more time to file a response. Nevertheless, we granted Appellee's motion to file the brief instanter on December 19, 2006.
 {¶ 15} There is some discussion in the briefs about a trial court journal entry from May 3, 2006, in which Appellant's counsel allegedly told the court that Appellant was prepared to dismiss the appeal and was ready to begin serving the 46 days of jail time. Appellant's counsel purportedly asked the court to suggest a date to begin serving the jail time. This journal entry is not in the record, and since it was supposedly issued after this appeal was initiated, it has no bearing on the outcome of this case. "It is settled that the filing of a notice of appeal divests the trial court of jurisdiction and that any subsequent ruling or order by the trial court is null and void." In re Estate ofMeyer (1989), 63 Ohio App.3d 454, 457, 579 N.E.2d 260, fn. 2. Even if this Court were to consider the journal entry, it apparently contains no actual decision or judgment of the trial court and sets forth no material facts that might affect this appeal.
 ASSIGNMENT OF ERROR {¶ 16} "The Trial Court lacked jurisdiction when it attempted to re-sentence Defendant in direct conflict with a prior Appellate opinion and where the Appellate Court did not remand the case back to the Trial Court."
 {¶ 17} A criminal defendant may appeal the sentence imposed by the trial court if the sentence is contrary to law. R.C. § 2953.08(A)(4). "[M]isdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed *Page 5 
upon review if the sentence is within the limits of the applicable statute." State v. Duffy, 5th Dist. Nos. 05 CA 18, 05 CA 19,2006-Ohio-2724, ¶ 60.
 {¶ 18} Appellant argues that he has already served his 180-day jail sentence because this Court so held in DeSalvo 1. Appellant contends that we have already issued a final ruling concerning whether he served his 180-day prison term, and that the trial court is bound by this ruling. Appellant is correct in this contention. In DeSalvo 1, we recognized Appellee's failure to file a brief and accepted Appellant's statement of the facts and issues as correct, pursuant to App.R. 18(C). Id. at ¶ 7. Appellee now argues that it failed to file a brief inDeSalvo 1 because the prosecutor never received Appellant's brief (we note that this is the same argument Appellee twice used to file a late brief in the instant appeal). Appellee's argument is not relevant to the instant appeal. If there was some alleged error or injustice done because Appellee failed to receive a timely copy of Appellant's brief in the prior appeal, Appellee should have addressed the error in a timely fashion. Appellee makes no claim that it did not receive a copy of our Opinion in DeSalvo 1. It is clear that Appellee did not appealDeSalvo 1, nor did the state file a motion for reconsideration to challenge any matter concerning that prior appeal, whether procedurally or substantively. The time to appeal DeSalvo 1 has long passed, and Appellee cannot use the present appeal to challenge the results of the earlier judgment. State v. Williams, 162 Ohio App.3d 55, 2005-Ohio-3366,832 N.E.2d 783.
 {¶ 19} Appellee's further argument on appeal is that this Court had no jurisdiction to conclude that Appellant served his jail term, and that our supposedly erroneous conclusion renders DeSalvo 1 null and void. Appellee contends that this *Page 6 
Court made a finding dehors the record, and that such a finding is beyond our jurisdiction. Appellee argues that DeSalvo 1 violates App.R. 2, which states: "Appeals on questions of law and fact are abolished."
 {¶ 20} Appellee has misinterpreted App.R. 2. An "appeal of law and fact" is a term of art and refers to the prior practice of conducting a trial de novo in the court of appeals, which divested the trial court of all jurisdiction over the case. State v. Lett (1978), 58 Ohio App.2d 45,46, 388 N.E.2d 1386, fn. 3. To the contrary, in DeSalvo 1, this Court examined the record, accepted the facts and issues as presented by Appellant as correct in light of App.R. 18(C), and issued a judgment based on the record before us and the representations contained within the brief. This is exactly what a court of appeals is supposed to do.
 {¶ 21} Most appeals involve a review of both law and fact, but that does not equate a return to the prior practice of "appeals on questions of law and fact." For example, a review of a motion to suppress always, "presents a mixed question of law and fact." State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. A review of the manifest weight of the evidence, which is one of the most common issues raised on appeal, obviously requires some type of determination as regards the facts of the case. The reviewing court's conclusions concerning the facts of the case, as set forth in the record on appeal, may not be satisfying to one or more parties, but that does not affect the reviewing court's jurisdiction to render a judgment.
 {¶ 22} Assuming a reviewing court makes an error in interpreting the facts in the record, such a factual error in the appellate decision may be further appealed to *Page 7 
the Ohio Supreme Court or may be the subject of an application for reconsideration in the court of appeals itself, App.R. 26. If the error goes unchallenged, it becomes part of the law of the case. The law of the case doctrine, "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. This doctrine, "extends to all issues previously decided as finally settled."McCoy v. Engle (1987), 42 Ohio App.3d 204, 206, 537 N.E.2d 665. Even a court of appeals is required to abide by its own rulings and cannot revise its previous judgments, if the same issue returns to the appellate court in subsequent proceedings. Nolan, supra, at 4-5.
 {¶ 23} It is axiomatic, then, that, "[t]he judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." State ex rel. Special Prosecutors v. Judges,Court of Common Pleas (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88,378 N.E.2d 162. Part of this Court's analysis in DeSalvo 1 was that Appellant had completely served his jail term. This finding was the basis of our decision to overrule Appellant's assignments of error and to dismiss the appeal as moot. Although Appellee assumes that the record in the prior appeal should have alerted us to additional jail time, we have no way of knowing whether every item in the current record was part of the earlier appeal. Clearly, we based our calculation on information contained in the record of the earlier appeal. Once again, if Appellee had responded to that appeal, the relevant parts of the record could have been made available to us or even corrected if they were in error. Interestingly, even the record *Page 8 
as it now stands does not necessarily indicate that Appellant had 46 days remaining in his jail sentence.
 {¶ 24} A close inspection of the original sentencing entry reveals that the trial court sentenced Appellant to both "180 days" and "six months" in jail. Both phrases appear on the same line in the judgment entry. These two jail sentences are not the same. Given the fact that some months have 30 days, some have 31, and one has either 28 or 29 days, it is quite unlikely that any 6-month jail term would equal exactly 180 days. In Appellant's case, a six-month jail term would actually have equaled 183 days. It is not clear to us what Appellant's actual sentence is, given the conflicting notations in the trial court's judgment entry. At any rate, the trial court had no authority to order a six-month jail term for a first degree misdemeanor. See R.C. §2929.24(A)(1). A jail term for a first degree misdemeanor may be no more than 180 days, not 183 days.
 {¶ 25} It is impossible for this Court, Appellant, Appellee, or even the trial court, to accurately determine how many days might remain on Appellant's sentence, since two different jail terms were imposed. Appellee cannot persuasively argue that this Court miscalculated in the earlier appeal the amount of time left on Appellant's sentence not only because Appellee is working from the record in its current state, but because that number cannot actually be determined. Even under Appellee's argument, it is not clear whether Appellant has 46 days, or 49 days, or some other amount of jail time left to serve.
 {¶ 26} Appellee seems to imply that our determination that Appellant served his 180-day jail sentence was only dicta in DeSalvo 1. This is not a persuasive *Page 9 
argument. "`Dicta' is defined as `[expressions in court's opinions which go beyond the facts before court and therefore are * * * not binding in subsequent cases as legal precedent.'" Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 85. The fact of Appellant's jail sentence was before this Court in DeSalvo1; it was the very issue being reviewed on appeal. This Court's finding that Appellant had served his jail term served as the basis of our decision to overrule Appellant's assignments of error. Thus, it was the most crucial aspect of the opinion. DeSalvo 1, supra, at ¶ 16.
 {¶ 27} Based on this Court's earlier ruling in DeSalvo 1, Appellant has served his jail sentence and cannot be ordered to serve an additional 46 days of jail time. Appellant's assignment of error has merit, and the judgment of the trial court is hereby vacated. There remains a question as to whether Appellant has paid restitution to the victim, and the case is remanded to the trial court for further proceedings dealing with any remaining aspects of the sentence other than the length of incarceration.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs in judgment only. *Page 1