[Cite as *State v. Cole*, 2010-Ohio-4774.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 09CA16 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM F. COLE, | : | |
| | : | **Released 9/29/10** |
| | | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Lori Pritchard Clark, Circleville, Ohio, for appellant.

Judy C. Wolford, PICKAWAY COUNTY PROSECUTOR, and Rose K. Vargo, PICKAWAY COUNTY ASSISTANT PROSECUTOR, Circleville, Ohio, for appellee.
_____

Harsha, J.

{¶1}  Following a jury trial, William F. Cole was convicted of felonious assault and abduction (both with firearm specifications) and simple assault.  The charges stemmed from an incident in which Cole purportedly went to the home of Natasha Thompson, threatened her with a revolver, forced her to ride with him to another home, and beat her.  On appeal, Cole contends that his conviction for felonious assault was against the manifest weight of the evidence because the State failed to show that he attempted to cause Thompson physical harm by means of a deadly weapon or dangerous ordnance.  He also argues that the court erred when it sentenced him for the felonious assault offense.  However, because the trial court failed to sentence Cole for one of the firearm specifications, part of the case remains pending, and there is no final,

appealable order.  Accordingly, we must dismiss the appeal because we lack jurisdiction to hear it.

## I.  Facts

{¶2}    The Pickaway County grand jury indicted Cole for felonious assault, kidnapping, and simple assault.  Cole pleaded not guilty to the charges.  After a trial, a jury found Cole guilty of felonious assault, a second-degree felony, with a firearm specification.  In addition, the jury found him not guilty of kidnapping but did find him guilty of the lesser included offense of abduction, a third-degree felony, with a firearm specification.  The jury also found Cole guilty of assault, a first-degree misdemeanor.  The trial court sentenced him to:  1.) eight years in prison for felonious assault; 2.) three years in prison for abduction; 3.) six months in prison for assault; and 4.) three years in prison for one of the firearm specifications.  The court ordered Cole to serve his sentences for felonious assault, abduction, and assault concurrently to each other and consecutively to the sentence for the firearm specification, for an aggregate of 11 years in prison.  The court's judgment was silent concerning Cole's sentence for the second firearm specification.  This appeal followed.

## II.  Assignments of Error

{¶3}    Cole assigns the following errors for our review:

The State of Ohio failed to proved [sic] each and every element of the crime charged beyond a reasonable doubt.  As such, the guilty verdict was entered against the manifest weight of the evidence in violation of due process.

The trial [c]ourt erred to the prejudice of Defendant and abused it's [sic] discretion when it sentenced him to the maximum prison term on the

charge of Felonious Assault which was clearly and convincingly contrary to law.[1]

### III.  Final, Appealable Order

**{¶4}**   Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A); R.C. 2953.02.  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  If the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

**{¶5}**   "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶6, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 2001-Ohio-93, 746 N.E.2d 1092.  Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant."  *Baker* at ¶9.

**{¶6}**   "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon

---

[1] Cole words this assignment of error differently on two pages of his brief, page iv and page 6.  We used the wording on page iv in this decision

which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker* at syllabus, explaining Crim.R. 32(C). Moreover, if a defendant is convicted of multiple charges in a single case, the court's order must contain a sentence for each charge before the judgment on any charge is final. *State v. Phillis*, Washington App. No. 06CA75, 2007-Ohio-6893, at ¶4, quoting *State v. Garner*, Trumbull App. No. 2002-T-0025, 2003-Ohio-5222, at ¶7 ("Absent the imposition of sentence on each and every offense for which [a defendant] was convicted, there is no final appealable order.")  See, also, *State v. Goodwin*, Summit App. No. 23337, 2007-Ohio-2343; *State v. Crawford*, Cuyahoga App. No. 91402, 2009-Ohio-1880, at ¶5.  Furthermore, allowing multiple documents to create a final appealable order is generally improper, and all required information must be present in a single document.  *Baker* at ¶17.  Cf. *State v. Ketterer*, Slip Opinion No. 2010-Ohio-3831, at ¶17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker's* 'one document' rule").

{¶7}     Here, the charges against Cole stemmed from a single indictment. Ultimately, the jury found him guilty of felonious assault and abduction, both with firearm specifications, and assault.  The court imposed sentences for felonious assault, abduction, assault, and one of the firearm specifications.  However, the court imposed no sentence on the other firearm specification.  It is not clear whether the court sentenced him for the specification related to the felonious assault charge or the abduction charge.  In any event, each firearm specification conviction required a separate three-year prison term.  See R.C. 2929.14(D)(1)(a)(ii); R.C. 2929.14(D)(1)(b); R.C. 2929.14(D)(1)(g).  Because the court failed to impose any sentence with regard to

 one of the firearm specifications, we dismiss this appeal for lack of a final, appealable

order.[2]

**{¶8}**   We note one other problem with the judgment entry.  A sentence for an

offense that does not include a mandatory sentencing requirement is void.  See *State v.*

*Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶16.  Because the trial

court failed to impose the mandatory three-year prison term for one of the firearm

specifications, the sentence (or lack thereof) for that specification is void.  See R.C.

2929.14(D)(1)(a)(ii); R.C. 2929.14(D)(1)(b); R.C. 2929.14(D)(1)(g).  However, this does

not change our conclusion that we lack jurisdiction to resolve this appeal.  See *State ex*

*rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, at ¶36

(explaining that void judgments do not constitute final, appealable orders).

APPEAL DISMISSED.

---

[2] When the trial court sentences Cole for this firearm specification, it would be helpful if the court clarified the number of days in Cole's sentence for the simple assault charge.  At the sentencing hearing, the Court ordered Cole to serve a twelve month prison term for this offense.  The sentence for a first-degree misdemeanor cannot exceed 180 days.  R.C. 2929.24(A)(1).  Apparently recognizing its misstatement, the sentencing entry indicates that the court sentenced Cole to "a period of **SIX (6) MONTHS**" in prison. However, given the variation in the number of days each month contains, the phrase "**SIX (6) MONTHS**" is ambiguous.  See *State v. DeSalvo*, Mahoning App. No. 06MA3, 2007-Ohio-1411, at ¶24 (explaining the variation in the number of days each month contains).

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. and Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
   William H. Harsha, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**