OPINION *Page 2 
{¶ 1} Defendant-appellant Telly Haynes ("Haynes") brings this appeal from the judgment of the Marion Municipal Court finding her guilty of four counts of menacing.
 {¶ 2} On January 4, 2007, the four victims went to view the apartment where Haynes had been living after the landlord finished removing Haynes property due to her eviction. Haynes was across the street with her car, waiting on someone to come help get it started. She became angry with the victims and started cussing at them and threatening to "kick their asses." She did not at any time cross the street towards the victims. The victims then went back into their workplace, which was adjacent to the apartment building, and called the police. Haynes was subsequently arrested and charged with four counts of menacing, a misdemeanor of the fourth degree.
 {¶ 3} On May 3, 2007, a bench trial was held. Prior to the start of the trial, counsel for Haynes made an oral motion for a jury trial and an oral motion requesting the judge to recuse herself due to her prior representation of Haynes' ex-husband. Both motions were overruled. During the trial, the four victims testified as to what happened. They testified that they were afraid of Haynes because Haynes' ex-husband used to work with them and had told them numerous *Page 3 
stories about her violent tendencies. They recounted several of these stories, all without objection by defense counsel. Haynes' ex-husband did not testify. The trial court then found Haynes guilty. On May 8, 2007, the trial court sentenced Haynes to 30 days in jail and a fine of $250.00 on each count, with the jail terms to be served consecutively. The trial court then suspended 15 days on each of the sentences and $150.00 of fine for a total sentence of 60 days in jail and a $400.00 fine. Haynes appeals from this judgment and raises the following assignments of error.
 [Haynes] was denied effective assistance of counsel.
 [Haynes] was denied a fair trial when the trial court failed to recuse itself once evidence was presented that the complainants felt threatened by alleged statements of [Haynes] as a result of statements made by [Haynes'] ex-husband, a former client of the trier of fact.
 The trial court's guilty verdict was against the manifest weight of the evidence.
 The trial court erred or abused its discretion when it gave [Haynes] an excessive sentence.
 {¶ 4} In the first assignment of error, Haynes claims that she was denied effective assistance of counsel. "Reversals of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano, 96 Ohio St.3d 94, *Page 4 2002-Ohio-3751, ¶ 105, 772 N.E.2d 181. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108.
 {¶ 5} Here, Haynes claims her counsel was ineffective for four reasons: 1) counsel failed to file an affidavit of prejudice pursuant to R.C. 2701.031; 2) counsel failed to request a jury as required by local rules; 3) counsel failed to object to questions about prior assault convictions of Haynes; and 4) counsel failed to object to hearsay and other inadmissible evidence.
 {¶ 6} The first stated reason is that counsel failed to file an affidavit of prejudice as required by R.C. 2701.031. Trial counsel made an oral motion for the trial judge to recuse herself due to her pre-existing attorney-client relationship with Haynes' ex-husband in a case that involved Haynes. The statute requires the affidavit to be filed to allow the presiding judge of the Court of Common Pleas to determine whether the judge should be disqualified. Although the affidavit is required, it was not practically possible to file one in advance. Counsel was notified at the start of the trial by Haynes that she recognized the judge as the attorney for her former husband. There was no advance knowledge of the connection which would have permitted trial counsel to file the affidavit before trial. There is no evidence that the result of the trial would have been any *Page 5 
different if the motion had been filed. Thus, the failure to file the affidavit is not ineffective assistance of counsel.
 {¶ 7} Haynes additionally claims that counsel was ineffective for failing to properly request a jury trial. Prior to the start of the trial when Haynes identified the relationship between herself and the trial judge, Haynes did not express any desire for a jury trial. It was only upon the denial of the motion to recuse that Haynes wanted a jury rather than having a bench trial. Haynes claims that by failing to file the proper request for a jury trial, she was denied that opportunity. However, it may have been a matter of trial strategy. The Ohio Supreme Court has held that if counsel decides, for strategic reasons not to pursue every possible trial strategy, there is no denial of effective assistance of counsel. State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523. When reviewing an ineffective assistance of counsel claim, an appellate court "must refrain from second-guessing the strategic decisions of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545,558, 651 N.E.2d 965. An appellate court must recognize the strong presumption that defense counsel's actions are the product of a sound trial strategy. State v. Thompson (1987), 33 Ohio St.3d 1,514 N.E.2d 407. Since there is no evidence to the contrary, we can presume that the original decision not to request a jury was a matter of sound trial strategy. Additionally, there is no *Page 6 
evidence to suggest that the outcome of the case would reasonably have been different if there had been a jury trial rather than a bench trial.
 {¶ 8} The third claim of ineffectiveness is based upon counsel's failing to object to the prosecutor's comments on Haynes prior assault convictions. Although the admission of evidence of prior convictions is not admissible under the Rules of Evidence, this was a trial to the bench. In a bench trial, the trial court is presumed, absent a showing to the contrary, to have considered only the admissible evidence.State v. Bays (1999), 87 Ohio St.3d 15, 716 N.E.2d 1126. Here, there is no evidence that the trial court considered any inadmissible evidence, thus there is no prejudice and no ineffective assistance of counsel.
 {¶ 9} Finally, Haynes claims that counsel was ineffective for failing to object to hearsay statements. Specifically Haynes claims that counsel should have objected to the witnesses testifying as to what her ex-husband told them. "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The statements concerning the ex-husband's statements were not made to prove the truth of the matter asserted in the ex-husband's statement, but rather to show the state of mind of the witness. Thus the statements were not hearsay and counsel did not err in failing to object. Having found no prejudice *Page 7 
resulting from counsel's alleged errors, Haynes was not denied effective assistance of counsel. The first assignment of error is overruled.
 {¶ 10} In the second assignment of error, Haynes claims that the trial judge should have recused herself. The basis for this claim is that the trial judge previously represented Haynes' ex-husband in a matter in which Haynes was involved.
 A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding
Canon 3(E) of the Code of Judicial Conduct. A judge is required to avoid even the appearance of impropriety. James v. James (1995),101 Ohio App.3d 668, 656 N.E.2d 399.
 {¶ 11} Here, Haynes' counsel requested that the trial judge disqualify herself.
 The Court: Do we have any preliminary issues?
 * * *
 Mr. Heiser: Yes, Your Honor, actually I have two. Ms. Haynes informed me today that she was concerned because you used to represent her husband.
 The Defendant: Ex. *Page 8 
 Mr. Heiser: Ex-husband, right, and was concerned that you had — and that was a case that involved her and she would be concerned that you might have bias, and she would ask that you recuse yourself.
 * * *
 Mr. Yager: Well, as to the first matter, if anything, there should have been an affidavit of prejudice. I don't see a conflict. Mark Jones has nothing to do with this case. He's not a witness in this case, so I don't see a problem with it. I don't think it would be appropriate for this Court to be recused.
 * * *
 The Court: The Court appreciates Ms Haynes' concerns, but since Ms. Haynes was not a client of the Court at the time that I was in practice, I do not see any conflict, and, therefore, I'm going to deny that motion.
Tr. 4-6. Given the record before this court, there is not enough information to determine whether the trial court should have granted the motion to disqualify. If the record had indicated, for example, that the trial judge represented the ex-husband in a proceeding where Haynes was the other party or a complaining witness, then the trial court would possibly be required by the Code of Judicial Conduct to disqualify herself even though the trial judge did not represent Haynes.[1]
However, since the record does not give any indication as to the nature of the case other than to say Haynes was involved, there is no basis for *Page 9 
determining whether the trial judge should have recused herself. The second assignment of error is overruled.
 {¶ 12} The third assignment of error claims that the judgment was against the manifest weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed.1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 13} In this case, Haynes was charged with four counts of menacing. *Page 10 
 (A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn or a member of the other person's immediate family.
R.C. 2922.03. All four victims testified that Haynes threatened "to kick their asses" along with other threats. All four victims also testified that they were afraid that Haynes intended to follow through on her threats. Additionally, an observer testified that he heard Haynes threaten the women as well. Some of the witnesses testified that Haynes was walking towards the women while making the threats. Although there was conflicting evidence presented by Haynes, the evidence is not such that it weighs heavily against conviction. Thus, the verdict is not against the manifest weight of the evidence and the third assignment of error is overruled.
 {¶ 14} Finally, Haynes claims that her sentence is excessive. "Misdemeanor sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion."State v. DeSalvo, 7th Dist. No. 04-MA-127,2005-Ohio-3312, ¶ 14. For fourth degree misdemeanors, one can receive no more than thirty days in jail for each count. Here, Haynes was convicted of four fourth degree misdemeanors for a maximum sentence of 120 days in jail if ordered to serve them consecutively. The trial court sentenced her to 30 days in jail on each count to be served consecutively. The trial court then suspended 60 days of the total 120 day sentence for a total sentence of 60 days in *Page 11 
jail. This sentence is within the range of sentences permitted by R.C.2929.25. Thus, there was no abuse of discretion. The fourth assignment of error is overruled.
 {¶ 15} The judgment of the Marion Municipal Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur.
[1] This court notes that it is the prior independent knowledge concerning the parties and a potential prior opinion concerning credibility that would require recusal. The fact that the trial judge was not the defendant's counsel does not lessen the interactions the parties may have had or the prior knowledge the judge may have received about the defendant from the ex-husband. *Page 1