DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Granville Collins, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of possession of cocaine. This Court affirms.
 I. {¶ 2} On May 4, 2004, at approximately 7:30 p.m., members of the Akron Police Department had an informant call appellant and order one half ounce of crack cocaine to be delivered at a parking lot across from 631 N. Howard Street. The police monitored the phone call between the informant and appellant. The police then followed appellant as he left from his house to meet the informant. When appellant arrived at the intersection of Cuyahoga and Shelby Streets, the police stopped his car and ordered him out of the vehicle. Appellant attempted to flee the scene and locked himself inside the vehicle.
 {¶ 3} While the police were attempting to get appellant to exit the vehicle, Detective Williams observed appellant placing something under the front seat of the vehicle. After appellant was removed from the vehicle and placed under arrest, the police found $550 in his pants pocket. Detective Williams searched the vehicle and found 1 unit dose of crack cocaine in a plastic bag in the center console and 12 grams of crack cocaine under the front seat where he had observed appellant reaching under the seat.
 {¶ 4} After appellant was taken to the police station, he cooperated with the police and gave them the name of the person that supplied him with cocaine. Appellant also told the police that he had additional cocaine, marijuana, and currency in the dresser located in the master bedroom at his house. When the police executed a search warrant at appellant's residence, they found 51.7 grams of crack cocaine, a spoon with cocaine residue under appellant's bed, a digital scale, and 26.3 grams of marijuana.
 {¶ 5} Appellant was indicted by the Summit County Grand Jury for one count of possession of cocaine, a violation of R.C.2925.11(A) and a felony of the first degree; one count of illegal use or possession of drug paraphernalia, a violation of R.C.2925.14(C)(1) and a misdemeanor of the fourth degree; one count of possession of cocaine, a violation of R.C. 2925.11(A) and a felony of the second degree; one count of possession of marijuana, a violation of R.C. 2925.11(A) and a minor misdemeanor; two counts of felonious assault, violations of R.C.2903.11(A)(2) and felonies of the first degree; and one count of resisting arrest, a violation of R.C. 2921.33(A) and a misdemeanor of the second degree. Appellant pled not guilty to the charges in the indictment and the matter proceeded to a jury trial.
 {¶ 6} The jury found appellant guilty of two counts of possession of cocaine, illegal use or possession of drug paraphernalia, resisting arrest, and possession of marijuana. The jury found appellant not guilty of felonious assault. Appellant was sentenced to a total prison term of 13 years. Appellant timely appealed his conviction of possession of cocaine, setting forth three assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. THIRD ASSIGNMENT OF ERROR
"COLLINS' CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} In his third assignment of error, appellant argues that his convictions for two counts of possession of cocaine are against the manifest weight of the evidence. Specifically, appellant argues that the State failed to prove that he knowingly possessed the cocaine found in the vehicle he was driving on May 4, 2004, and at his residence at 774 Aberdeen Avenue. This Court disagrees.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 9} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 10} Appellant was convicted of two counts of possession of cocaine based upon 12 grams of crack cocaine being found under the seat of the Buick Riviera he was driving and 51.7 grams of crack cocaine being found in the dresser drawer of his bedroom. Pursuant to R.C. 2925.11(A), "No person shall knowingly obtain, possess, or use a controlled substance." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 11} "Possession may be actual or constructive." State v.Kobi (1997), 122 Ohio App.3d 160, 174. Constructive possession has been defined as "knowingly exercis[ing] dominion and control over [the drugs and manufacturing items], even though [they] may not be within his immediate physical possession." State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. See, also, Statev. Wolery (1976), 46 Ohio St.2d 316, 329. Furthermore, ownership need not be proven to establish constructive possession. Statev. Mann (1993), 93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the element of constructive possession. See State v. Jenks (1991), 61 Ohio St.3d 259, 272-273.
 {¶ 12} Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 13} During the trial, the State presented testimony from several members of the Akron Police Department.
 {¶ 14} Donny Williams, a detective with Akron Police Department's Street Narcotics Uniform Detail ("SNUD") testified that on May 4, 2004, Detective Mike Gilbride, another member of the SNUD unit received a call from an informant that there was a drug transaction about to take place in a parking lot on Howard Street. Detective Williams stated that the informant advised the police that appellant was going to be delivering approximately half an ounce of crack cocaine to that parking lot. Detective Williams stated that when he received the information he was parked on Wall Street and that when the detectives notified him, he moved to the intersection of Shelby and Cuyahoga Falls Avenue.
 {¶ 15} Detective Williams testified that when he arrived at the intersection, he observed a 1995 blue Buick Riviera driven by appellant about to approach the stop sign. Detective Williams stated that upon observing the Riviera, he pulled in front of the vehicle with his lights and sirens on. Detective Williams testified that appellant attempted to back up, but there was another vehicle behind him preventing him from doing so. Detective Williams stated at that time the vehicle behind appellant's vehicle backed out of the way and other police vehicles surrounded the vehicle. Detective Williams testified that appellant attempted to flee the scene, but was unsuccessful and finally stopped the car. Detective Williams stated that appellant kept moving around in the vehicle despite the fact that he and the other officers were advising him to stop. Detective Williams testified that eventually Detective Haverstick broke the driver's side window with his asp baton. Detective Williams stated that appellant was still moving around in the vehicle and that Detective Haverstick deployed his tazer weapon on appellant. Detective Williams testified that after appellant was tazed, he was removed from the vehicle, placed on the ground, and handcuffed. Detective Williams stated that after appellant was handcuffed, he was checked for weapons and placed under arrest.
 {¶ 16} Detective Williams testified that he checked the vehicle that appellant was driving and found 12 grams of crack cocaine and 1.2 grams of marijuana. Detective Williams stated that he was present when a search warrant was executed on appellant's residence. Detective Williams testified that a large sum of money, a little over 50 grams of crack cocaine, and some marijuana was found at appellant's residence.
 {¶ 17} Detective Michael Gilbride of the Akron Police Department was also called to testify on behalf of the State. Detective Gilbride corroborated Detective Williams' testimony and stated that he spoke with appellant in an interview room at the Akron Police Department. Detective Gilbride testified that appellant told him that the police would find additional cocaine, marijuana, and currency in the dresser located in the bedroom at his residence. Detective Gilbride stated that he was not present when the search warrant was executed on appellant's residence.
 {¶ 18} Officer Chris Carney, a K-9 handler for the SNUD unit also testified on behalf of the State. Officer Carney corroborated the testimony of officer Gilbride and stated that he assisted in removing appellant from the Buick Riviera. Officer Carney further testified that appellant was handcuffed after he was removed from the vehicle. Officer Carney stated that he conducted a search of appellant's person and found $550 in one of his pants pockets. Officer Carney testified that he also conducted a search of the vehicle appellant was driving and found crack cocaine in the center console.
 {¶ 19} Officer Carney further testified that he and his drug dog Sampson were involved in the search of appellant's residence. Officer Carney stated that Sampson made an indication on a leather coat in the master bedroom and alerted to the dresser in the room. Upon further examination, Officer Carney identified various items that were found in the master bedroom.
 {¶ 20} Detective David Haverstick of the SNUD unit also testified on behalf of the State. Detective Haverstick confirmed that he was the one who broke out the driver's side window with his asp. Detective Haverstick stated that he broke out the window because the officers could not gain access to the vehicle occupied by appellant. Detective Haverstick testified that he was worried because appellant kept reaching underneath the seat and they did not know what was inside the car that he could be reaching for. Detective Haverstick stated that when appellant still did not respond to the officers' verbal commands after he broke out the driver's side window, he deployed his tazer on appellant. Detective Haverstick further testified that he was present when the search warrant was executed at appellant's residence. Detective Haverstick stated that he participated in the search of appellant's home and found $1,280 in cash and digital scales in the top dresser drawer of the master bedroom.
 {¶ 21} Sergeant Malick of the SNUD unit also testified on behalf of the State. Sgt. Malick testified as to what he observed when he arrived on scene. Sgt. Malick stated that he also interviewed appellant after he was placed under arrest and handcuffed. Sgt. Malick testified that he concluded that the proper amount of force was used to affect the arrest. Sgt. Malick further stated that he was present when the search warrant was executed on appellant's residence. Sgt. Malick testified that he found $4,800 in cash in the pocket of a jacket that was lying on the floor in the master bedroom.
 {¶ 22} The defense did not present any testimony relevant to appellant's convictions of possession of cocaine.
 {¶ 23} After reviewing the above testimony, this Court cannot conclude that appellant's convictions of possession of cocaine are against the manifest weight of the evidence. When the vehicle appellant was driving was stopped, appellant was on his way to deliver a half ounce of crack cocaine to an informant who was working with the Akron Police Department. Detective Haverstick testified that appellant kept reaching underneath the front seat. The 12 grams of crack cocaine that were found in the vehicle were found under the front seat. Appellant's argument that the State failed to prove ownership of the Buick Riviera is without merit. The manifest weight of the evidence shows appellant's constructive possession of the cocaine found in the Buick Riviera. The fact that appellant was responding to a request from the confidential informant proves that he knowingly possessed the cocaine.
 {¶ 24} In addition, appellant argues that because he was not present at the residence when the police executed the search warrant, he did not knowingly possess the cocaine. We find this argument unpersuasive as well. Detective Gilbride testified that appellant told him that the police would find additional cocaine in the bedroom at his residence. Pursuant to a search of appellant's residence, an additional 51.7 grams of crack cocaine were found in a dresser drawer in appellant's bedroom. Accordingly, appellant's third assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED INTO EVIDENCE UNFAIRLY PREJUDICIAL EVIDENCE."
 {¶ 25} In his first assignment of error, appellant contends that the trial court committed error by allowing various witnesses to testify that appellant was participating in a "drug deal" when he was arrested. Appellant argues that this was improper "other acts" evidence which denied him a fair trial. This Court disagrees.
 {¶ 26} A trial court's decision regarding the admission of evidence is reviewed under an abuse of discretion standard.State v. Ristich, 9th Dist. No. 21701, 2004-Ohio-3086, at ¶ 9. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Importantly, under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 27} Evid.R. 404(B) governs the admission of "other acts" evidence and provides as follows:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
To be relevant, and therefore admissible, testimony of other acts must form a part of the immediate background of the alleged act and be close enough in time to also form a foundation for the crime charged. State v. Curry (1975), 43 Ohio St.2d 66, 73. "Evidence of other crimes may be presented when `they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" State v. Roe (1989), 41 Ohio St.3d 18, 23, quotingState v. Wilkinson (1980), 64 Ohio St.2d 308, 317.
 {¶ 28} In the present case, the police had an informant call appellant and order a half ounce of cocaine. The police then arrested appellant as he was en route to deliver the cocaine to the informant. Testimony that appellant was involved in a "drug deal" was merely foundational information that explained why the police stopped the vehicle appellant was driving. Therefore, this Court finds that the trial court did not abuse its discretion when it allowed such testimony that was inextricably related to the charged crime. State v. Arnott, 9th Dist. No. 21989,2005-Ohio-3 at ¶ 43. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"PROSECUTORIAL MISCONDUCT DEPRIVED COLLINS OF A FAIR TRIAL, MERITING REVERSAL."
 {¶ 29} Appellant argues in his second assignment of error that the trial court erred when it allowed the prosecutor to engage in continued questioning about a possible "drug deal" and the possible presence of a gun. Specifically, appellant alleges that the prosecutor "constructed the state's questions in such a way as to elicit prejudicial testimony that tended to show that [appellant] was involved in crimes for which he was not on trial." This Court disagrees.
 {¶ 30} When considering whether certain remarks constitute prosecutorial misconduct, a reviewing court must determine "(1) whether the remarks were improper and, (2) if so, whether the remarks prejudicially affected the accused's substantial rights."State v. Jackson, 107 Ohio St.3d 300, 2006-Ohio-1, at ¶ 142, citing State v. Smith (1984), 14 Ohio St.3d 13, 14. The Ohio Supreme Court continued that
"[t]he touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.' This court will not deem a trial unfair if, in the context of the entire trial, it appears beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments." (Internal citations omitted.) Jackson at ¶ 142.
 {¶ 31} This Court finds that the prosecutor's remarks regarding the presence of a gun were not improper. The police officers testified that an informant had set up a sale of a half ounce of crack cocaine with appellant. The State's questions regarding whether Detective Carney thought that appellant might have a gun in his vehicle under such circumstances where appellant was allegedly transporting a significant amount of crack cocaine merely provided a foundational background for the crimes with which appellant was charged. Furthermore, this Court notes that Detective Carney testified that he did not believe that appellant would be carrying a weapon, and Detective Haverstick testified that no weapons were found in the vehicle. Therefore, appellant has failed to show that he suffered any prejudice as a result of this line of questioning. Appellant's second assignment of error is overruled.
 III. {¶ 32} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. concur.