[Cite as *State v. Sarvabui*, 2020-Ohio-1429.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

ALEXIS SARVABUI

    Appellant

C.A. No.     19CA0036-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    18CRB00838

DECISION AND JOURNAL ENTRY

Dated: April 13, 2020

TEODOSIO, Judge.

{¶1}    Appellant, Alexis Sarvabui, appeals from her conviction for illegal use or possession of drug paraphernalia in the Wadsworth Municipal Court.  This Court affirms.

I.

{¶2}    Ms. Sarvabui was pulled over by police for a lane violation while driving in her car with a friend.  A K-9 Unit was soon called to the scene, and the dog alerted to both the driver and passenger doors of the vehicle.  A search of the vehicle revealed a used methamphetamine pipe in plain view in the center console.  Both occupants denied ownership of the pipe, but admitted to using methamphetamine in the past.  After some period of time, the passenger told police she would just "take the charge."

{¶3}    Ms. Sarvabui was charged with illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree.  Following a bench trial, the trial court found her guilty and sentenced her to thirty days in jail.  The court suspended the jail sentence, placed her on one year

of probation, and fined her $150.00. Ms. Sarvabui successfully moved the trial court for a stay of execution of her sentence pending appeal.

{¶4} Ms. Sarvabui now appeals from her conviction and raises three assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR ONE

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S VERDICT OF GUILTY AS TO USE, POSSESSION, SALE DRUG (SIC).

{¶5} In her first assignment of error, Ms. Sarvabui argues that her conviction was based on insufficient evidence. We disagree.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Sufficiency concerns the burden of production and tests whether the prosecution presented adequate evidence for the case to go to the jury." *State v. Bressi*, 9th Dist. Summit No. 27575, 2016-Ohio-5211, ¶ 25, citing *Thompkins* at 386. "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. However, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.

{¶7} Ms. Sarvabui was convicted of illegal use or possession of drug paraphernalia under R.C. 2925.14(C)(1), which states: "[N]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain

nature." R.C. 2901.22(B). "Possess" or "possession" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "[D]rug paraphernalia" includes "any * * * product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in * * * ingesting, inhaling, or otherwise introducing into the human body, a controlled substance * * *[,]" such as a glass pipe. R.C. 2925.14(A)(13).

{¶8} Officer Sean Shannon of the Wadsworth Police Department testified at trial that, on September 19, 2018, he observed Ms. Sarvabui's vehicle commit a lane violation, which prompted him to conduct a traffic stop of the vehicle. After learning of "some drug history" with the passenger of the vehicle and discovering an active warrant for her, Officer Shannon called for a K-9 Unit to walk around the vehicle. The dog alerted on both the driver and passenger side doors. When Officer Shannon searched the vehicle, he found a used methamphetamine pipe in the open area of the center console, in plain view. Both occupants denied ownership of the pipe, but after a period of time the passenger said that "she wanted to be charged with it instead of the driver." The passenger still maintained that the pipe was not hers, but nonetheless told police she would take the ticket for it. Both occupants admitted to using methamphetamine in the past. While the passenger admitted to using methamphetamine within the past three days, Ms. Sarvabui claimed "it had been awhile" for her.

{¶9} This Court disagrees with Ms. Sarvabui's claim that "[t]he evidence presented at trial was insufficient for the trial court to find [her] guilty of possessing the crack (sic) pipe." We find no merit in her contention that because she denied ownership of the pipe and the passenger

told police she would "take the charge," the evidence was therefore insufficient to demonstrate Ms. Sarvabui's possession of the pipe.

{¶10} A person may knowingly possess an object through either actual or constructive possession. *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within her immediate physical possession. *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Dominion and control may be proven through circumstantial evidence. *State v. Rucker*, 9th Dist. Summit No. 25081, 2010-Ohio-3005, ¶ 30. "For instance, 'readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession.'" *State v. Owens*, 9th Dist. Summit No. 23267, 2007-Ohio-49, ¶ 23, quoting *State v. Varner*, 9th Dist. Summit No. 21056, 2003-Ohio-719, ¶ 19. Ownership need not be proven to establish constructive possession. *State v. Collins*, 9th Dist. Summit No. 23005, 2006-Ohio-4722, ¶ 11.

{¶11} After reviewing the evidence presented in a light most favorable to the prosecution, we determine that the State presented sufficient evidence, if believed, to demonstrate that Ms. Sarvabui constructively possessed the methamphetamine pipe. Ms. Sarvabui was the owner and driver of the vehicle, and the pipe was located in an open section of the vehicle's center console, in close proximity and directly next to her. We therefore conclude that a rational trier of fact could have found all the elements of illegal use or possession of drug paraphernalia proven beyond a reasonable doubt.

{¶12} Ms. Sarvabui's first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

APPELLANT'S CONVICTION AS TO USE, POSSESSION, SALE DRUG (SIC)
WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} In her second assignment of error, Ms. Sarvabui argues that her conviction was against the manifest weight of the evidence. We disagree.

{¶14} A challenge to the manifest weight of the evidence concerns the State's burden of persuasion. *In re R.H.*, 9th Dist. Summit No. 28319, 2017-Ohio-7852, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring). When reviewing a manifest weight challenge,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "[W]hen reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten* at 340.

{¶15} Ms. Sarvabui argues that her conviction is against the manifest weight of the evidence because "[c]learly [her] passenger was the owner of the crack (sic) pipe." She directs us to her denial of ownership of the pipe and the passenger's decision to "take the charge." We find no merit in this argument. Once again, ownership need not be proven to establish constructive possession. *Collins*, 2006-Ohio-4722, at ¶ 11. After reviewing the entire record, weighing the

evidence and all reasonable inferences, and considering the credibility of witnesses we cannot say that the trier of fact, in resolving any conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice. *See Otten* at 340. Ms. Sarvabui has also not shown that this is an exceptional case in which the evidence weighs heavily against conviction. *See Thompkins* at 387.

{¶16} Ms. Sarvabui's second assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶17} In her third assignment of error, Ms. Sarvabui argues that she received ineffective assistance of counsel. We disagree.

{¶18} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, debatable trial tactics will not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). To prove ineffective assistance of counsel, one must establish that: (1) her counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶19} Ms. Sarvabui claims that her trial counsel provided ineffective assistance by failing to file a jury demand, failing to file a motion to suppress, and failing to subpoena the passenger of the vehicle. She broadly asserts, without any legal or evidentiary support, that "[a] jury trial would have increased [her] chances for either an acquittal or hung jury[,]" "[a] motion to suppress could have been successfully prosecuted and could have resulted in the evidence obtained during the traffic stop being inadmissible[,]" and "[her] passenger could have testified during trial regarding the statements she made during the traffic stop." Beyond these speculative and conclusory statements, however, Ms. Sarvabui fails to set forth any meaningful argument in support of this assignment of error. *See* App.R. 16(A)(7). "As this Court has repeatedly recognized, '[s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel.'" *State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 38, quoting *State v. Buzek*, 9th Dist. Medina No. 14CA0011-M, 2015-Ohio-4416, ¶ 7, quoting *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4. As Ms. Sarvabui has failed to demonstrate any deficient performance by trial counsel or any resulting prejudice, her ineffective assistance of counsel claim must fail.

{¶20} Ms. Sarvabui's third assignment of error is overruled.

### III.

{¶21} Ms. Sarvabui's assignments of error are all overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.