[Cite as *State v. Hedrick*, 2026-Ohio-1903.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-11-128 |
| vs. | : | OPINION AND JUDGMENT ENTRY 5/26/2026 |
| JOSEPH HEDRICK, | : | |
| Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2025-02-0242


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


**O P I N I O N**


**SIEBERT, J.**

{¶ 1} Appellant, Joseph Hedrick, appeals the decision of the Butler County Court of Common Pleas sentencing him to a total prison term of 16 months following his guilty

plea to one count of aggravated assault and one count of assault. Finding no error in the trial court's sentencing decision, we affirm.

## I. Facts and Procedural History

{¶ 2}   Hedrick was initially indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), fourth-degree felonies, and two counts of sexual imposition in violation of R.C. 2907.06(A), third-degree misdemeanors.

{¶ 3}   Hedrick later entered into a plea agreement with the State. Pursuant to the agreement, he pled guilty to amended charges of aggravated assault in violation of 2903.12(A)(1), a fourth-degree felony, and assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. At the plea hearing, the State presented a factual basis underlying the charges. According to the State, Hedrick struck a 16-year-old victim on the buttocks with a paddle while her hands and feet were strapped down, which caused serious physical harm. He then told her, "I could have raped you." The second incident involved Hedrick fondling the breasts of a 13-year-old victim and causing her physical injury.

{¶ 4}   After determining that Hedrick's plea was knowingly, intelligently, and voluntarily entered, the trial court accepted the plea and scheduled the matter for sentencing. At the sentencing hearing, the trial court heard from the victims' aunt regarding the trauma suffered by the victims and their ongoing mental health struggles. Hedrick noted that several individuals were present to speak on his behalf. One woman spoke on his behalf who disputed aspects of the case. Hedrick also submitted a memorandum in mitigation with letters similarly denying or questioning the victims' allegations. The court thereafter imposed a 16-month prison term for the aggravated assault conviction and a concurrent 180-day jail term for the assault conviction. Hedrick now appeals, raising two assignments of error for review.

## II. Appeal

## A. Felony Sentencing

{¶ 5}   In his first assignment of error, Hedrick argues the trial court erred by imposing a 16-month prison sentence for his aggravated assault conviction. He contends the court should have imposed community control because he had no prior criminal history, expressed remorse, and complied with the conditions of his pretrial bond.

{¶ 6}   Felony sentences are reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Under that statute, an appellate court can modify or vacate a sentence only if it clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 7}   A sentence is not clearly and convincingly contrary to law when the trial court considers the principles and purposes of R.C. 2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Venters*, 2025-Ohio-3111, ¶ 53 (12th Dist.).

{¶ 8}   "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Bryant*, 2022-Ohio-1878, ¶ 21, citing *State v. Jones*, 2020-Ohio-6729, ¶ 41-42. Nothing in the statute authorizes an appellate court to "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 9}  Following review, we find that Hedrick's sentence is not contrary to law. The 16-month prison term falls within the permissible statutory range for a fourth-degree felony, and the trial court properly imposed a discretionary two-year term of postrelease control. R.C. 2929.14 (A)(4); R.C. 2967.28. In both its sentencing entry and at the sentencing hearing, the trial court expressly stated that it considered the purposes and principles of felony sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 10} Although Hedrick argues that community control would have been a more appropriate sanction, we may not independently reweigh the sentencing factors or substitute our judgment for that of the trial court. *Jones* at ¶ 42. Accordingly, because the trial court's felony sentencing decision is not clearly and convincingly contrary to law, Hedrick's first assignment of error is overruled.

## B. Misdemeanor Sentencing

{¶ 11} In his second assignment of error, Hedrick argues the trial court abused its discretion by imposing the maximum sentence for assault, a first-degree misdemeanor, without expressly finding that he committed the worst form of the offense.

{¶ 12} "We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard." *State v. Jezioro*, 2017-Ohio-2587, ¶ 6 (12th Dist.). An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 2006-Ohio-160, ¶ 130.

{¶ 13} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. *State v. Kinsworthy*, 2014-Ohio-2238, ¶ 30 (12th Dist.). When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish

the offender." R.C. 2929.21(A).

{¶ 14} As relevant here, R.C. 2929.22(C) provides that a court may impose the maximum jail term on offenders who commit the worst forms of the offense or whose conduct and response to prior sanctions demonstrate that such a sentence is necessary to deter future crime. The phrase "worst forms of the offense" is not statutorily defined and is left to the discretion of the trial court. *State v. Elzey*, 2025-Ohio-5322, ¶ 50 (2nd Dist.). A trial court, however, is not required to make specific findings on the record before imposing a maximum misdemeanor sentence. *State v. Yeban*, 2024-Ohio-2545, ¶ 69 (1st Dist.). When the record is silent, reviewing courts presume the trial court considered the appropriate statutory factors. *Id*. at ¶ 70.

{¶ 15} Accordingly, contrary to Hedrick's argument, the trial court was not required to expressly find that he committed the worst form of the offense before imposing the maximum sentence. Moreover, although Hedrick cites other cases he believes involved more egregious conduct, we are not persuaded that his conduct falls outside the range of behavior warranting a maximum sentence. After reviewing the record and Hedrick's arguments, we conclude that the trial court did not abuse its discretion in imposing the misdemeanor sentence. Hedrick's second assignment of error is overruled.

{¶ 16} Judgment affirmed.

BYRNE , P.J., and HENDRICKSON, J., concur.

---

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Melena S. Siebert, Judge*