[Cite as *State v. Riley*, 2026-Ohio-2351.]

# IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0136 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case Nos. CR2025-0522, CR2025-0616 |
| LINDSIE Y. RILEY | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 18, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant Lindsie Riley appeals the December 19, 2025 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### Facts and Procedural History

### Common Pleas Case No. CR2025-0522

{¶ 2} On February 14, 2024, United States Marshals were searching for two fugitives in Muskingum County. They arrived at an apartment on Clay Street in Zanesville where they believed the fugitives were hiding and received permission from a resident to search the interior. While the officers did not find the fugitives in the apartment, they did find Riley and her boyfriend, Benjamin Hanning in an upstairs bedroom where controlled substances and drug paraphernalia were located in plain sight. Hanning is a local drug

dealer who is well known to local law enforcement, but Riley advised the officers the drugs belonged to her. The Muskingum County Sheriff's Office assisted and took possession of the drugs which were later tested and confirmed to be oxycodone, methamphetamine, fentanyl, and alprazolam.

{¶ 3} Riley was subsequently charged with one count of aggravated possession of drugs, a felony of the second degree, one count of possession of a fentanyl-related compound, a felony of the fourth degree, and one count of illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree.

{¶ 4} Riley entered pleas of not guilty and elected to proceed to a bench trial which took place on October 30, 2025. The State presented evidence from U.S. Marshal Peyton Ross and Muskingum County Sheriff's Office Detective Ryan Paisley who provided the above outlined facts. Riley testified on her own behalf. She stated that the drugs actually belonged to her boyfriend who was a drug dealer. She further indicated she only took responsibility for the drugs due to his abusive nature and the fact that she feared him.

{¶ 5} The trial court found Riley guilty as charged.

Common Pleas Case No. CR2025-0616

{¶ 6} On March 17, 2025, Riley was found standing outside a drug house at 3:00 a.m. When approached by a patrolling officer, Riley provided her name and stated she had outstanding warrants and needles and drugs on her person. Riley was found to have .99 grams of methamphetamine on her person. She was later charged with one count of possession of drugs, a felony of the fifth degree, possession of drug paraphernalia, a misdemeanor of the fourth degree, and possession of drug abuse instruments, a misdemeanor of the first degree.

{¶ 7}  During a hearing consolidated with case number CR2025-0522, Riley pled guilty to all three charges.

{¶ 8}  The trial court proceeded immediately to sentencing on both cases. In case number CR2025-0522, the trial court imposed an indefinite sentence of five to seven and a half years for aggravated possession of drugs, eighteen months for possession of a fentanyl-related compound, and thirty days for possession of drug paraphernalia.  The trial court ordered Riley to serve the sentences concurrently.

{¶ 9}  In case number CR2025-0616, the trial court sentenced Riley to twelve months for possession of drugs, 30 days for possession of drug paraphernalia, and 180 days for possession of drug abuse instruments. The trial court ordered Riley to serve the sentences concurrently with each other and concurrently to the sentence imposed in case number CR2025-0052.

{¶ 10} Riley timely filed an appeal and the matter is now before this court for consideration. She raises two assignments of error as follows:

I

{¶ 11} "RILEY'S CONVICTIONS IN CASE NUMBER CR 2025-0052 ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."

II

{¶ 12} "THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE FOR RILEY'S CONVICTION FOR POSSESSION OF DRUG PARAPHERNALIA IN CASE NUMBER CR 2025-0522 AND HER CONVICTIONS FOR POSSESSION OF DRUG PARAPHERNALIA AND POSSESSION OF DRUG ABUSE INSTRUMENTS IN CASE NUMBER CR 2025-0616 WITHOUT FINDING THAT THEY CONSTITUTED THE WORST FORM OF THE OFFENSE. "

## I

{¶ 13} In her first assignment of error, Riley argues her convictions are against the manifest weight of the evidence because the drugs belonged to her boyfriend and not her. We disagree.

### Standard of Review

{¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

### Possession

{¶ 15} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176 (1989). "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Wolery*, 46 Ohio St.2d 316, 329 (1976). To establish constructive possession of illegal drugs, the State's evidence must demonstrate the defendant was able to exercise dominion and control over the contraband. *State v. Kuhn*, 2023-Ohio-2740, ¶ 18 (5th Dist.). Dominion and control may be proven by circumstantial

evidence alone. *Id.*, citing *State v. Trembly*, 137 Ohio App.3d 134, 141 (8th Dist. 2000). Circumstantial evidence that a defendant was located in very close proximity to readily usable drugs may show constructive possession. *Kuhn*, citing *State v. Barr*, 86 Ohio App.3d 227 (8th Dist. 1993). Circumstantial evidence is that which can be "inferred from reasonably and justifiability connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34 (1972). Circumstantial evidence is to be given the same weight and deference as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259 (1991).

Riley's Argument

{¶ 16}   Riley argues the weight of the evidence failed to prove, beyond a reasonable doubt, that she had either actual or constructive possession of the drugs found in the bedroom she shared with her boyfriend.

{¶ 17} There is no dispute that Riley and her boyfriend, Benjamin Henning, occupied the same room where the controlled substances were found. The State's photographic evidence shows a bedroom cluttered with the belongings of both parties, and a night stand, chair, and coffee table littered with various drug paraphernalia, needles, a single pill in a plastic baggie, white powder, a rolled-up dollar bill, aluminum foil, and a piece of a straw. State's exhibits B-7 – B-42. Riley and Henning were in bed when Marshals entered the room. All of the afore mentioned items were in close proximity to Riley and Riley was able to readily exercise dominion and control of the items. Riley testified on cross-examination that Henning provided her with drugs. Transcript of trial (T.) at 77.

{¶ 18} Riley's argument centers on ownership rather than possession of the drugs. She argues that the drugs belonged to Henning, Henning was a drug dealer, law enforcement was aware of that fact, and she only lied about ownership because she feared

Henning. However, "[o]wnership need not be proven to establish constructive possession." *State v. Sarvabui*, 2020-Ohio-1429, ¶ 10 (9th Dist.). As the Ninth District Court of Appeals has found, the finder of fact "is entitled to find that the defendant constructively possessed a controlled substance based on "the drugs' presence in a usable form and in close proximity to the defendant." *Id.* citing *State v. Figueroa*, 2005-Ohio-1132, ¶ 8 (9th Dist.). Indeed, during sentencing in this matter, the trial court indicated it had found "some credibility that he is a drug dealer and that that was probably mostly him but, also, as the State has just indicated, you would still also be in possession." Transcript of sentencing (T.S) at 22.

{¶ 19} We find the trial court did not lose its way in finding Riley possessed the drugs in question. Accordingly, the first assignment of error is overruled.

## II

{¶ 20} In her final assignment of error, Riley argues the trial court abused its discretion when it sentenced her to maximum terms for her misdemeanor convictions without first finding she had committed the worst form of the offenses. We disagree.

## Applicable Law

{¶ 21} A trial court has broad discretion in misdemeanor sentencing, and an appellate court will not disturb a sentence that falls within the statutory range absent an abuse of that discretion. *State v. Thadur*, 2016-Ohio-417, ¶ 11, 59 N.E.3d 602 (5th Dist.), citing *State v. Smith*, 2006-Ohio-1558, ¶ 21 (9th Dist.); *State v. Morgan*, 2024-Ohio-4596, ¶ 20 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place*

*Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 22} R.C. 2929.22(B)(1) provides factors for a trial court to consider in fashioning an appropriate sentence for a misdemeanor offense:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶ 23} R.C. 2929.22(C) provides in relevant part "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense."

Riley's Argument

{¶ 24} Riley argues her conduct cannot be classified as "the worst form of the offense" and because the trial court failed to so find, her maximum misdemeanor sentences in both cases must be vacated. However, "a trial court is not required to make on-the-record findings to support the imposition of a maximum sentence for a misdemeanor." *State v. Adkins*, 2020-Ohio-3296, ¶ 13 (2d Dist.). Even when the record is silent, reviewing courts presume the trial court considered the appropriate statutory factors. *State v. Hedrick*, 2026-Ohio-1903 at ¶ 14 (12th Dist.) citing *State v. Yeban*, 2024-Ohio-2545, ¶ 69 (1st Dist.). Riley concedes this point in her reply brief at page 3.

{¶ 25} Moreover, R.C. 2929.22(C) is stated in the alternative—either the offender committed the worst form of the offense or the offender's "conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense." The trial court noted that Riley had prior misdemeanor convictions for possession of drug instruments and drug paraphernalia, had violated her bond in the instant matter by having a positive urine drug screen, and had committed a new offense while her first case was pending. T.S. 17, 20-24.

{¶ 26} Upon review of the record and Riley's arguments, we conclude that the trial court did not abuse its discretion in imposing maximum sentences for Riley's misdemeanor convictions. Accordingly, the final assignment of error is overruled.

{¶ 27} The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶ 28} Costs to Appellant.

By: King, P. J.

Hoffman, J. and

Montgomery, J. concur.